IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CIVIL NO:

MELISSA VASS                                                                                          PLAINTIFF

VS.                                         **COMPLAINT**

GALLO & KAUFMANN, LLC                                                                    DEFENDANT
PO BOX 1646
Amherst, NY 14226

    Serve: C/O United States Corporation Agents, Inc.
        7014 13th Ave, Suite 202
        Brooklyn, NY 11228

* * * * * * * * * * * * * *

Comes now the Plaintiff, MELISSA VASS ("Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendant GALLO & KAUFMANN, LLC (hereinafter "Gallo"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of the Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. The general purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). As set forth herein, the Defendant's entire course of dealing with the Plaintiff violated virtually all the tenets underlying the FDCPA. The Defendant communicated with the Plaintiff in a manner that was threatening, degrading and misleading in multiple respects as to its corporate name, intentions, and what methods of collection were available, all in an effort to intimidate, confuse and harass the Plaintiff.

3. Count II of the Plaintiff's Complaint is based on the Kentucky common law cause of action for fraud.

## PARTIES

4. Plaintiff Melissa Vass is a citizen and resident of Pike County, Kentucky. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The Plaintiff is a "person" as that term is used in 15 U.S.C. § 1692d.

5. Defendant, Gallo & Kaufmann, LLC. (hereinafter "Gallo"), is a business entity organized and existing under the laws of New York. Though the Defendant is engaged in business in the Commonwealth of Kentucky, it does not have a registered agent in the state. Unless otherwise indicated, the use of the Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives, subsidiaries, parent corporations, and insurers of this Defendant named. Defendant Gallo is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court pursuant to 15 U.S.C. § 1692k(d), which states that actions arising under the FDCPA may be brought and heard before "any appropriate United States [D]istrict [C]ourt without regard to the amount in controversy."

7. This Court also has supplemental jurisdiction over the state law claims presented herein, pursuant to 28 U.S.C. § 1367, as said state law claims arise from the same common nucleus of operative facts as the FDCPA claim alleged herein.

8. Moreover, complete diversity of citizenship exists between the Plaintiff and the Defendant, and the amount in controversy exceeds the jurisdictional limits of this Court.

9. This Court has personal jurisdiction over the Defendant herein.

10. Defendant Gallo conducts business in the Commonwealth of Kentucky; the Defendant purposefully communicated with the Plaintiff, who resides within the Commonwealth of Kentucky, in an effort to collect a debt allegedly owed by the Plaintiff.

11. Through information and belief, Defendant Gallo collects debts from other individuals within the Commonwealth of Kentucky through the use of instrumentalities of interstate commerce.

12. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as "a substantial part of the events or omissions giving rise to the claim[s]" herein occurred within this District.

**FACTS**

13. The Plaintiff has, at all times relevant, resided in Pike County, Kentucky.

14. On or about August 1, 2015, the Plaintiff received a text message from her sister, Gail Weems. The message stated that an official from the Pike County Clerk's office left a voicemail regarding a missed court appearance and that a return phone call was urgent.

15. On or about August 1, 2015 the Defendant left a voice message for the Plaintiff. The caller identified herself as "Colleen Stevens with Pike County." Ms. Stevens stated in the message that she was calling for Melissa Vass regarding a formal complaint that was filed under her social security number, gave her a reference number of 549856, and informed the Plaintiff that she needed to call back before proceedings went on without her. Ms. Stevens ended the phone call by saying, "I do have to let you know that you have been officially notified."

16. Through information and belief, Ms. Stevens used a telephone number regularly utilized by the Defendant, its employees, or agents acting on their behalf.

17. The Plaintiff, believing that she was being contacted by a county official, first called the Pike County Clerk's office. Plaintiff gave the answering clerk her name, social security number and reference number, and asked whether there were court proceedings that had taken place that day without her. The clerk informed the Plaintiff that there was no record of a complaint filed against her or any pending court hearings in the future. The clerk then informed the Plaintiff that their offices does not have a policy or a procedure to call litigants before or after hearings are held.

18. The conversation with the Pike County Clerk ended at that time.

19. On or about August 1, 2015, the Plaintiff returned the Defendant's phone call using the number that was left on the original message, (606) 536-9589, and was connected to one of the Defendant's employees or agents.

20. Through information and belief, the (606) area code is utilized in Eastern Kentucky. Moreover, Defendant does not have any know call center or employees in the area.

21. The man who the Plaintiff was connected to did not indicate the name of the company he was working for, nor did he state that he was a debt collector attempting to collect a debt.

22. Through information and belief, the Defendant has a pattern and practice of failing to meaningfully disclose its corporate identity during conversations with individuals from whom the Defendant is attempting to collect a debt.

23. The employee told the Plaintiff that she had taken a loan out for which she has never paid and that payment was due in full that day. The employee then asked how the Plaintiff was going to take care of the payment.

24. The Plaintiff responded by telling the employee that she had not taken out any loans and that she recently went through a bankruptcy.

25. The employee then accused the Plaintiff of lying about her bankruptcy. He further stated that the Plaintiff knew she had taken out a loan and that she was now attempting to evade payment.

26. The employee then told the Plaintiff that if she did not pay the loan in full that day, he was going to either go to her home in Pike County, or to her place of employment at Pikeville Medical Center and force her to pay the full amount of the loan.

27. The employee ended the call by telling the Plaintiff that he would see her soon, so she should get ready, and then hung the phone up before the Plaintiff could respond.

28. Through information and belief, the Defendant has a pattern and practice of posing as county officials and leaving messages regarding fictitious court proceedings, in an effort to confuse, harass and intimidate debtors.

29. The conversation ended at this time.

30. The Plaintiff has changed her phone number, to avoid any further confrontations with the Defendant, whom she feared would harass or threaten her further due to her failure to pay the alleged debt.

31. Due to the fact that she has changed her phone number, the Plaintiff has received no further phone calls from the Defendant.

32. Through information and belief, Defendant Gallo obtains financial benefit from collecting funds on accounts such as the Plaintiff's.

33. To the best of Plaintiff's knowledge, the Defendant has not sent any correspondence to her by mail.

34. To the best of Plaintiff's knowledge, no civil action was filed against her by the Defendant.

## COUNT I
### (Fair Debt Collection Practices Act – 15 § 1692 *et seq.*)

35. The allegations in the above paragraphs of this complaint are realleged and incorporated herein by this reference.

36. Plaintiff Melissa Vass is a "consumer" as defined by the FDCPA, which provides that a "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

37. The Defendant's communications to the Plaintiff are to be interpreted using the "least sophisticated consumer" standard.

38. The statute of limitations under the FDCPA is one year from the date on which the violation occurs. 15 U.S.C. § 1692k(d).

39. The Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, when the Defendant engaged in the fraudulent course of action set forth in this Complaint, including but not limited to, the following:

   a. Engaging in a heated conversation with the Plaintiff, during which the Defendant spoke over the Plaintiff and threatened several illegal actions to collect the debt allegedly owed by the Plaintiff;
   b. Threatening to come to the Plaintiff's home, threatening to come to the Plaintiff's work, calling family members, and using personal information, such as the Plaintiff's home address and work address, in attempts to validate his threats to find the Plaintiff and make her pay the full amount of the alleged loan.
   c. Failing to include the proper warnings, failing to notify the Plaintiff that this was an attempt to collect a debt, pretending to be an employee of the clerk's office, referencing patently false court proceedings the Plaintiff had allegedly missed, and failing to follow up with a debt validation letter.

    d. Using a phone number with a (606) area code, despite the fact that Defendant is not located in the geographic area using this area code.

40. The Defendant violated 15 U.S.C. § 1692e by using false, deceptive or misleading representations or means in connection with the collection of the debt allegedly owed by the Plaintiff, through the conduct described in this Complaint.

41. The Defendant violated 15 U.S.C. § 1692e(5) by threatening the Plaintiff that an employee would go to her home and to her place of employment and make her pay the full amount of the loan, when the Defendant had no power or authority to undertake such actions.

42. The Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to attempt to collect the debt by using the means described herein, including but not limited to:

    a. Failing to indicate that they were a debt collector attempting to collect a debt;
    b. By posing at a County official and leaving a message regarding court proceedings that the Defendant knew was false.
    c. Failing to identify the full and correct corporate name of the Defendant, in an effort to make it more difficult to determine who the Defendant was.

43. The Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt, through use of the conduct described herein, including, but not limited to, the Defendant using a false name, impersonating a county official, referencing sham court proceedings, and implying that the Plaintiff would have legal problems if she did not return the Defendant's phone call.

44. The Defendant violated 15 U.S.C. § 1692g by failing to provide a validation notice to the Plaintiff as required by the FDCPA.

45. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for the following:

    a. Pursuant to 15 U.S.C. 1692k(a)(1) the Plaintiff's actual damages;

b. Pursuant to 15 U.S.C. 1692k(a)(2) statutory damages;

c. Pursuant to 15 U.S.C. 1692k(a)(3) all court costs and attorneys' fees.

## COUNT II
## Fraud

46. The allegations in the above paragraphs of this Complaint are realleged and incorporated herein by reference.

47. The Defendant made a material misrepresentation to the Plaintiff when the Defendant left a message on or about August 1, 2015, posing as a county official and referencing patently false court proceedings.

48. This representation made on or about August 1, 2015 was false, as the Defendant was not the person she suggested she was and was referencing nonexistent court proceedings.

49. The Defendant made a material misrepresentation to the Plaintiff when an employee accused the Plaintiff of lying about her bankruptcy and that he was going to come down to her home and workplace and make the Plaintiff pay the debt in full.

50. This representation was false, as the Plaintiff's bankruptcy is public record and the Defendant had no authority to go to either the Plaintiff's residence or workplace and demand the payment of the alleged debt in full.

51. When the Defendant made these representations to the Plaintiff, the Defendant knew that the representations were false, or made the representations with reckless disregard as to their falsity.

52. The Plaintiff is currently without sufficient information to determine whether any other facts disclosed to the Plaintiff were false, but reserves the right to amend this Complaint to reflect the same, upon discovery of information that would indicate the falsity of any other facts alleged or referenced herein.

53. When the Defendant made these representations, the Defendant intended to induce the Plaintiff to act upon the representations by revealing information about her bank account and/or making arrangements to pay the debt.

54. As set forth in this Complaint, the Plaintiff was injured by the Defendant's fraudulent actions.

55. The Plaintiff was required to expend time and money to change her phone number, and go to a great deal of time and effort to assure that the Defendant was not going to attempt to come to her home or workplace, or take any other adverse action against her.

56. Moreover, the Plaintiff suffered embarrassment, humiliation, loss of time and enjoyment, anger, confusion and fear about future unlawful actions the Defendant may take against her.

57. As set forth in the foregoing paragraphs, the Defendant's conduct is sufficiently egregious to warrant the imposition of punitive damages.

**WHEREFORE,** the Plaintiff, Melissa Vass, having set forth her claims for relief against the Defendant, respectfully requests judgment be entered against the Defendant, Gallo & Kaufmann, LLC, for the following:

A. That the Plaintiff have and recover against the Defendant, statutory damages for the violations of the Fair Debt Collection Practices Act;

B. That the Plaintiff have and recover against the Defendant a sum to be determined in the form of actual damages;

C. That the Plaintiff have and recover against the Defendant, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k of the Fair Debt Collection Practices Act;

D.  That the Plaintiff have and recover against the Defendant, a sum to be determined in the form of punitive damages;

E.  Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MELISSA VASS, demands a jury trial in this case.

DATED:  September 24, 2015.

/s/ Noah R. Friend
Noah R. Friend
Noah R. Friend Law Firm, PLLC
P.O. Box 610
Pikeville, KY 41502
Phone: 606.369.7030
Fax: 502.716.6158
noah@friendlawfirm.com
KY Bar #92209

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KENTUCKY

Plaintiff, Melissa Vass, states the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. §1746(2), I, MELISSA VASS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

9-24-15
DATE

_Melissa Vass_
MELISSA VASS